**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **Case No. 3:24-cr-00048-1** |
| | ) | **Judge Aleta A. Trauger** |
| **BRANDON OSTEIN** | ) | |

**MEMORANDUM & ORDER**

The Renewed Motion for Reconsideration (Doc. No. 141) filed by the defendant is **DENIED**.

## I. BACKGROUND

The defendant has filed two motions (Doc. Nos. 136, 141) seeking reconsideration of an evidentiary decision issued by this court that denied the defendant's Motion to Suppress. (Doc. No. 131.) The court's Order denying the defendant's first Motion for Reconsideration concluded that the defendant cannot establish that his Fourth Amendment rights were violated when law enforcement agents entered the common hallway of a large, multi-unit apartment building that he was using because the agents entered the hallway after securing permission from building management to do so. (Doc. No. 140 at 3.) Because the agents obtained permission from building management—a third party with "common authority" over the hallway—the court found that the defendant's Fourth Amendment challenge failed. (*Id*. at 2–3.) In reaching this decision, the court correctly noted that the defendant failed to identify "any supporting legal authority" establishing "that building management of a multi-unit residential building lacks the authority to permit law enforcement in common areas of the building." (*Id*. at 3.)

Within hours of that Order being entered, defense counsel filed a second Motion for Reconsideration (Doc. No. 141), urging the court to "review" its Order because counsel had

"supplied" controlling legal authority that "answer[ed] the Court's question." (*Id*. at 1.) That allegedly "controlling legal authority" was the Sixth Circuit's decision in *United States v. Mohammed*, 501 F. App'x 431 (6th Cir. 2012), *as amended* (Nov. 5, 2012). According to defense counsel, the Sixth Circuit in *Mohammed* "***held*** that a landlord's permission, by itself does not authorize law enforcement to enter a locked common area of an apartment building without a warrant" for Fourth Amendment purposes. (Doc. No. 141 at 1 (emphasis added).) The Sixth Circuit reached no such holding in *Mohammed*.

## II. DISCUSSION

In *Mohammed*, the Sixth Circuit affirmed a decision by the United States District Court for the Southern District of Ohio that police officers "unconstitutionally entered the locked common area" of the defendant's "apartment building without a warrant." *United States v. Mohammed*, 501 F. App'x 431, 435 (6th Cir. 2012). There, the police officers arrested the defendant and "recovered a set of keys from" the defendant's person, "[a]fter conducting a search" of him. *Id*. at 434. The officers later traveled to the defendant's apartment, where they "used the key they had seized from [the defendant] to enter the common entry door of the apartment building." *Id*. Once inside the building's common area, the officers deployed drug-sniffing dogs to conduct a drug sniff directly in front of the entranceway to the defendant's apartment unit. *Id*. After the dogs "gave a clear and aggressive indication on the apartment door" that drugs were present in the unit, the officers obtained a search warrant to search the defendant's apartment unit. *Id*. The officers found drugs in the apartment after executing the search. *Id*.

After he was indicted, the defendant sought to suppress the evidence obtained at his apartment, "claiming that the officers' warrantless entry into the common area of his apartment building violated the Fourth Amendment." *Id*. The Southern District of Ohio denied the

suppression motion, "finding that although the officers' entry into the common area violated the Fourth Amendment" based on the Sixth Circuit's decision in *United States v. Carriger,* 541 F.2d 545 (6th Cir.1976), "there was sufficient probable cause to support the search warrant when the tainted portions of the search warrant were excised." *Id*. The Sixth Circuit affirmed that ruling and held as follows:

> When the officers entered into the locked common area of [the defendant's apartment building] ***without permission***, exigency, or a warrant, they effected an unconstitutional search based on the principle set forth in *Carriger. See United States v. Heath,* 259 F.3d 522, 534 (6th Cir.2001). We have since repeatedly applied the reasoning and holding of *Carriger* as controlling law.

*Id*. at 435 (emphasis added).

The bottom line is this: contrary to defense counsel's representation, the Sixth Circuit's decision in *Mohammed* never "held" that a landlord cannot authorize "law enforcement to enter a locked common area of an apartment building without a warrant." (Doc. No. 141 at 1.) The Sixth Circuit did not even include the word "landlord" in its decision—a fact that is not surprising, given that *Mohammed* concerned a warrantless search of an apartment unit that was effectuated by police after they took the apartment keys from the defendant's person and entered the apartment's common area using those keys. A landlord was not even involved in the underlying facts that gave rise to the suppression motion in *Mohammed*.

The court reviewed *Mohammed* in its entirety before issuing its Order (Doc. No. 140) denying the defendant's first Motion for Reconsideration. (Doc. No. 136.) That is because the defendant's Reply (Doc. No. 139) in support of its first Motion for Reconsideration also represented that the Sixth Circuit "found" in *Mohammed* that law enforcement's entry into an apartment building's common areas pursuant to the landlord's permission does not foreclose a tenant's constitutionally protected privacy interest. (*Id*. at 1.) The court disagreed diplomatically

with that flagrant misrepresentation, concluding in its Order that the defendant had failed to identify "any supporting legal authority" for its position "that building management of a multi-unit residential building lacks the authority to permit law enforcement in common areas of the building." (Doc. No. 140 at 3.) The court fully considered the *Mohammed* case in its prior ruling.

## III. CONCLUSION

For the reasons stated herein, the defendant's Renewed Motion for Reconsideration (Doc. No. 141) is **DENIED**.

It is so **ORDERED**.

ALETA A. TRAUGER
United States District Judge